[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is the plaintiff's postjudgment motion for contempt.
(1) Arrears
 The court finds the defendant owes the following as alimony arrears:
 May, 1998 through July, 1998 $ 15,000 August, 1998 1st-15th $ 2,500 16th-31st $ 1,750
$ 4,250 Less — Paid $ 3,000 $ 1,250
 September, 1998 $ 3,500 Less — Paid $ 1,500 $ 2,000
October, 1998 $ 3,500
Total arrears $ 21,750
The defendant shall promptly pay the plaintiff the total arrears due. He may discharge part of this obligation by giving CT Page 12244 written authorization to release to the plaintiff the sum of $8,000 currently held in escrow for the defendant.
(2) Balance on Property Division
The court finds the plaintiff has, failed to sustain her burden of proof as to any balance due on the $15,000 assignment of property: The defendant owes no balance and has fully discharged his obligation.
(3) College Expenses for Daughter, Sarah.
The separation agreement clearly gives the defendant the responsibility for all college expenses of his daughter, Sarah. The court has no jurisdiction to modify that order.
The defendant shall immediately pay the required expenses to enable Sarah to enroll in the January, 1999 semester at Loyola University, New Orleans. This includes tuition, fees, room and board.
(4) Life Insurance
Within sixty days the defendant shall provide the plaintiff with proof of $300,000 life insurance on his life naming the plaintiff as beneficiary.
The court finds that the defendant's failure to comply with the orders of court as referred to above is inexcusable. The defendant had the financial means to comply and elected not to.
The plaintiff's motion for contempt is granted.
The defendant is ordered to promptly pay the plaintiff as reasonable attorney's fees the sum of $3,500.
So ordered.
NOVACK, J.